**SO ORDERED.**

**SIGNED this 27 day of January, 2011.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **CHRISTOPHER WELLS HARPER and** | **CASE NO. 10-07510-8-JRL** |
| **JANICE DANIELLE HARPER,** | |
| | **Chapter 7** |
| **DEBTORS.** | |

## ORDER

This matter came before the court on the debtors' motion to convert their case to chapter 13 and the chapter 7 trustee's objection. A hearing was held on January 19, 2011 in Wilmington, North Carolina.

The debtors filed a voluntary chapter 7 petition on September 15, 2010 and attended their § 341 meeting of creditors on October 26, 2010. There, the debtors tendered their 2009 tax return which indicated extensive participation in real estate partnerships not disclosed on the debtors' schedules. For example, the tax return listed previously undisclosed holding companies, Cape Fear Ventures and Hare Properties. The debtors told the chapter 7 trustee the entities had no assets and had been closed down. Upon further investigation, the trustee found that the entities are owners of record of various properties. Furthermore, the debtors did not disclose that Cape Fear Ventures was sold to third parties. The tax return also listed a

distribution of over $46,000.00 from BizHarp, LLC, another undisclosed entity.  The debtors, in

their response to the chapter 7 trustee's objection to conversion, assert they never received a cash

distribution in that amount and do not know why their accountant listed them as receiving such a

distribution.  The debtors, "as a result of innocent oversight," also neglected to disclose a sale of

stock.          Additionally troubling, the debtors failed to disclose five separate foreclosures in

the year prior to filing on properties owned individually.  One of the properties foreclosed on

contained an irregularity and resulted in the return of a quit claim deed to the male debtor.  When

asked about this foreclosure at the §341 meeting, the male debtor said he was not aware of the

foreclosure's outcome.

    Debtors generally have a right to convert their chapter 7 cases to those under chapter 13.

11 U.S.C. §706(a).  However, a debtor's prepetition bad-faith conduct can cause forfeiture of

this right to convert.  Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 367 (2007).

The Court in Marrama held that bad-faith conduct committed during an earlier chapter 7

proceeding constitutes a waiver of that debtor's right to convert his or her case to chapter 13.  Id.

at 374.  Here, the debtors' failure to disclose their interests in various entities and multiple

foreclosure proceedings makes their initial schedules so misleading as to give rise to an inference

of bad faith, which in turn prevents conversion.  The debtors argue that providing the 2009 tax

return, which disclosed some of the missing items, demonstrates they were not purposefully

concealing matters from the trustee.  Debtors cannot pick and choose items for disclosure on

their schedules and rely on the trustee to uncover the rest through investigation of public records.

The trustee requires complete schedules so as to best protect the interests of the estate and

maximize distribution to creditors.  In particular, disclosing foreclosure actions is imperative to

the trustee's ability to examine the proceedings for procedural regularity and possibly bring

avoidance actions.

The motion for conversion to chapter 13 is DENIED.  The debtors' case shall remain in chapter 7.

**END OF DOCUMENT**